UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOANN IMMEL,

    Plaintiff,

  v.         Case No.11-cv-424-LA

CENTRAL PORTFOLIO CONTROL,
INC., and FRENCH & FRENCH, LTD.,

    Defendants.

---

## **ORDER FOR DEFAULT JUDGMENT**

---

On May 3, 2011, Plaintiff JoAnn Immel, filed a complaint alleging that Defendant French & French, Ltd. ("French") sent Immel a debt collection letter regarding an alleged debt owed to "Riverwalk Holdings LTD." Compl. ¶ 16; Compl. Exhibit B (the "Collection Letter").[1] The Complaint alleges that French violated several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA"). French was served on August 3, 2011, but has failed to file a responsive pleading. Therefore, all factual allegations regarding French in the Complaint are deemed admitted. Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading."); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). The Clerk entered default against French on October 18, 2011. Plaintiff filed a motion for default judgment and a petition for attorneys' fees against French on September 23, 2011.

---

[1]   The Complaint also included claims against Central Portfolio Control, Inc. ("CPC"). Plaintiff's claims against CPC have been voluntarily dismissed. Dkt. No. 17.

1

**SERVICE OF PROCESS**

The Complaint was served upon French pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707 (7th Cir. 2002) ("the method of service, in contrast, will be governed by FED. R. CIV. P. 4; Rule 4(e)(1) in turn allows use of the methods authorized by the law of the state in which the district court is located, while other parts of Rule 4 provide federally sanctioned alternatives."); *United Rope Distribs., Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 534-35 (7th Cir. 1991) (a federal court may borrow a state jurisdictional statute and acquire personal jurisdiction only to the extent that the state law authorizes service of process).

Wis. Stats. § 801.11(5)(a), authorizes service of a corporation as follows: "By personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state..." According to the Affidavit of William Ellis, previously filed with the Court (Dkt. No. 8), French's owner, "Mr. French," was personally served with the complaint. Under Wisconsin law, French has been duly served, and as noted above, such service of process is adequate under Rule 4(h) and 4(e) of the Federal Rules of Civil Procedure.

**THE COMPLAINT**

The Complaint alleges three claims against French. First, the Collection Letter appears to be "from an attorney" when it was not. Second, the Collection Letter threatens a lawsuit against Immel even though French had neither the intention nor the legal right to file a lawsuit against Immel. Third, the Collection Letter claimed that Immel could be liable for French's attorney fees even though Wisconsin Law prohibits such shifting of fees to consumers. The factual allegations in the Complaint establish that French violated both the FDCPA and the WCA.

The FDCPA states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(10) prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Similarly, the WCA also states: "A debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stats. § 427.104(1)(j). The WCA also states that a debt collector may not: "Use a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney-at-law when it is not." Wis. Stats. § 427.104(1)(k). Additionally, the WCA states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt." Wis. Stats. § 427.104(1)(L).

The Collection Letter violates all of these provisions. Neither French, nor any employee or partner of French is licensed to practice law in Wisconsin. Compl. ¶ 20. According to the Kentucky Bar Association, neither managing partner of French is a licensed attorney in Kentucky. Compl. ¶ 21. According to the Wisconsin Bar Association, neither managing partner of French is a licensed attorney in Wisconsin. Compl. ¶ 22. In fact, French is not a law firm at all. Compl. ¶ 23.

Despite French not being a law firm, its letter, as a whole, goes out of its way to imply that French *is* a law firm and intends to sue the recipient by:

    a. Stating that French is requesting "authorization to file a civil lawsuit against you;"

    b. Stating that "a lawsuit may be initiated against you without further notice;"

  c. Stating that attorney fees and court filing fees may be added to a "potential judgment award against you;"

  d. Suggesting the option of a "settlement;"

  e. Requesting that Plaintiff speak with an "associate;"

  f. The letter includes the preprinted name-signature of someone labeled "Senior Paralegal;" and

  g. Using the letterhead "French & French / A Professional Partnership Ltd., which the unsophisticated consumer would interpret as a law firm.

Compl. ¶ 24. Despite the language of its threatening letter, French never had any intention to file a lawsuit against Immel to collect the alleged debt. Over a year has passed since French sent the Collection Letter to Immel, and no one has sued Immel to collect the alleged debt. Compl. ¶ 25.

  In addition to French never intending to sue Immel, French never had the legal right to file a lawsuit against Immel to collect the alleged debt either because French is not the real party in interest. Compl. ¶ 26; *Wausau Tile, Inc. v. County Concrete Corp.*, 593 N.W.2d 445, 454, 226 Wis.2d 235 (1999); *Mortgage Assocs., Inc. v. Monona Shores, Inc.*, 47 Wis.2d 171, 179, 177 N.W.2d 340 (1970); *Schwartz v. Evangelical Deaconess Soc'y*, 46 Wis.2d 432, 442, 175 N.W.2d 225 (1970). The basic test is whether the plaintiff's suit will prevent the defendant from being harassed by other claimants for the same demand, whether it will preclude the defendant from asserting any fair defense, offset, or counterclaim, and whether the defendant will be fully protected when the judgment in behalf of the plaintiff is discharged. *Mortgage Assocs*. *Id.*; *State ex rel. State Bar v. Bonded Collections*, 36 Wis.2d 643, 651-52, 154 N.W.2d 250 (1967).

  In a collection action, the creditor or assignee is the real party in interest. *Bonded Collections*, 36 Wis.2d at 652-53, 154 N.W.2d at 255. The Collection Letter, however, states that the "creditor" is "Riverwalk Holdings", and the "original creditor" is "Chase Bank – WaMu #6".

As French is not identified as having any ownership interest in the account, and the real party in interest is explicitly identified as someone other than French (ie. Riverwalk Holdings), French is not the real party in interest and has no standing to sue. *Bonded Collections*, 36 Wis.2d at 652-53, 154 N.W.2d at 255. In conclusion, because French had no intention of initiating, or right to initiate, a lawsuit against Plaintiff, French's letter constitutes a false threat of suit, in violation of the FDCPA and WCA. 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); Wis. Stats. §§ 427.103(1)(j), (1)(k), and (1)(L).

The Collection Letter also falsely threatens that Plaintiff may become liable for attorneys fees. Compl. ¶ 27. The WCA specifically prohibits provisions shifting attorneys' fees in consumer credit transactions such as the alleged credit card debt underlying the collection letter in this action. Wis. Stats. § 422.411(1) ("Except as provided in subs. (2) and (2m), with respect to a consumer credit transaction no term of a writing may provide for the payment by the customer of attorney fees.") Nothing in the Collection Letter states or implies that French would not actually be the one to file a lawsuit against Plaintiff. Compl. ¶ 28. In fact, the Collection Letter is deliberately misleading to the unsophisticated consumer, who would believe that a law firm is preparing to sue them. Compl. ¶ 29. French's threat to collect attorneys' fees thus violates the WCA. Wis. Stats. § 422.411.

**MOTION FOR DEFAULT JUDGMENT**

On September 23, 2011, Immel filed a motion for default judgment and a petition for attorneys' fees. Immel requests statutory damages in the amount of $1,000. Section 1692k(a) of Title 15 provides that any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person for, *inter alia*, "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding

$1,000 . . ." Statutory damages may be awarded in the amount of $1,000 per individual per action. *See, e.g., Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992). I find that an award of statutory damages in the amount of $1,000 to be reasonable in this action.

The FDCPA also requires a debt collector to pay a successful plaintiff's costs and attorneys' fees. 15 U.S.C. § 1692k(a)(3). Such an award is mandatory. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997); *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir.), *cert. denied,* 515 U.S. 1160 (1995); *see also Mace v. Van Ru Credit,* 109 F.3d 338, 344 n. 3 (7th Cir. 1997). Plaintiff requested an award of attorney's fees and costs in the amount of $7,464.75. Pl's. Petition for Attorney's Fees and Costs. Dkt. No. 13, 14. I find the attorneys' fees and costs Immel requested to be reasonable as well.

Accordingly,

**IT IS ORDERED** that the Plaintiff's motion for default judgment (Dkt. No. 11) be and the same is hereby **GRANTED**; the clerk of the court shall enter judgment in favor of the Plaintiff in the amount of $1,000.00 in statutory damages;

**IT IS FURTHER ORDERED** that the Plaintiff's motion for attorneys' fees and costs (Dkt. No. 13) be and the same is hereby **GRANTED**; the Defendant French shall pay the Plaintiff's attorneys' fees and costs in the amount of $7,464.75.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of October 2011.

BY THE COURT:

s/ Lynn Adelman
Hon. Lynn Adelman
United States District Judge